UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARK LAVON WILLIAMS,

    Plaintiff,

v.

N. KUMAR, et al.,

    Defendants.

No. C 15-1458 EDL (PR)

**ORDER DISMISSING WITH LEAVE TO AMEND**

Plaintiff, an inmate at Salinas Valley State Prison, has filed a pro se civil rights complaint under 42 U.S.C. § 1983.[1] He has been granted leave to proceed in forma pauperis in a separate order. For the reasons stated below, the complaint is DISMISSED with leave to amend.

**DISCUSSION**

**A.   Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary;

---

[1] Plaintiff has consented to magistrate judge jurisdiction. (Docket No. 1 at 4.)

the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations and internal quotation marks omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Plaintiff states prison officials have exhibited deliberate indifference to his serious dental needs and, as a result, Plaintiff has suffered pain, a deterioration of his lower left wisdom tooth, and lack of treatment. Because of the delays and inaction, Plaintiff was told that a tooth extraction was the only option. Plaintiff has named as Defendants: Chief Physician N. Kumar; Chief Medical Examiner U. Dunlap; A. Major, DDS; and D. Scaloni, DDS.

There are several deficiencies in Plaintiff's complaint that require dismissal of the complaint with leave to amend.

Plaintiff has not linked any of the Defendants to an action or inaction that actually and proximately caused the deprivation of Plaintiff's federally protected right. Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right. *Lemire v. Cal. Dept. of Corrections & Rehabilitation*, 726 F.3d 1062, 1085

(9th Cir. 2013).  Plaintiff must link the Defendants' actions or inactions with Plaintiff's claims.  He must "set forth specific facts as to each individual defendant's" actions which violated his or her rights.  *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).  A defendant cannot be held liable simply based on his membership in a group; rather, each individual defendant's participation in unlawful conduct must be shown.  *Chuman v. Wright*, 76 F.3d 292, 294-95 (9th Cir. 1996).  Either personal involvement or integral participation of the officers in the alleged constitutional violation is required before liability may be imposed; liability may not be imposed based solely on an officer's presence during the incident.  *See Hopkins v. Bonvicino*, 573 F.3d 752, 769-70 (9th Cir. 2009).

In addition, to the extent Plaintiff is attempting to impose supervisory liability on some of the Defendants, a supervisor may be liable under section 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.  *Henry A. v. Willden*, 678 F.3d 991, 1003-04 (9th Cir. 2012) (citing *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011)).  Plaintiff should keep in mind that where there is no evidence that the supervisor was personally involved or connected to the alleged violation, the supervisor may not be liable.  *See Edgerly v. City and County of San Francisco*, 599 F. 3d 946, 961-62 (9th Cir. 2010).

For the above reasons, Plaintiff's complaint will be dismissed with leave to amend to provide more information as specified above, and name the appropriate defendants.  Although the federal rules require brevity in pleading, a complaint must be sufficient to give the defendants "fair notice" of the claim and the "grounds upon which it rests."  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).  Even at the pleading stage, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights."  *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

## CONCLUSION

1. The complaint is **DISMISSED** with leave to amend in accordance with the standards set forth above. The amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original and supplemental complaints, Plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to file an amended complaint within the designated time will result in the dismissal of this action.

2. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: June  2 , 2015.

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge

P:\PRO-SE\EDL\CR.15\Williams458dwla.wpd

4