UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARK LAVON WILLIAMS,

        Plaintiff,

  v.

DR. A. MAJOR,

        Defendant.

No. C 15-1458 EDL (PR)

**ORDER DISMISSING WITH LEAVE TO AMEND**

Plaintiff, an inmate at Salinas Valley State Prison, has filed an amended pro se civil rights complaint under 42 U.S.C. § 1983. For the reasons stated below, the amended complaint is DISMISSED with leave to amend.

**DISCUSSION**

**A.    Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

In his amended complaint, Plaintiff alleges that Defendant, Dr. A. Major, DDS, examined Plaintiff in October 2014.  Plaintiff told Dr. Major that he was experiencing a moderate amount of pain in his teeth when eating and drinking.  Dr. Major visually examined Plaintiff's mouth and diagnosed that Plaintiff had a small cavity that needed a simple, routine filling.  Dr. Major ordered follow-up care to occur approximately one month later.  Prior to the follow-up appointment, Plaintiff received notification that his appointment had been cancelled and would be rescheduled.  More than 90 days had passed, and Plaintiff still had not received notification of a follow-up appointment. Plaintiff's tooth began deteriorating and then broke in half.  Plaintiff filed an administrative appeal complaining about inadequate dental care. Dr. Major responded that the scheduler had been fired for not doing her job and that was the reason that Plaintiff had not yet been seen for his follow-up appointment.  Dr. Major informed Plaintiff that the only option left to treat the tooth was to extract it.

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment.  *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need.  *See McGuckin*, 974 F.2d at 1059.

A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it.  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference."  *Id.*  If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth

Amendment, no matter how severe the risk. *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002). In order for deliberate indifference to be established, therefore, there must be a purposeful act or failure to act on the part of the defendant and resulting harm. *See McGuckin*, 974 F.2d at 1060

Plaintiff's claim against Dr. Major, liberally construed, at most leads to an inference that Dr. Major was negligent in his diagnosis or negligent in failing to ensure that Plaintiff's follow-up appointment was rescheduled. However, a claim of medical malpractice or negligence is insufficient to make out a violation of the Eighth Amendment. *See Toguchi v. Chung*, 391 F.3d 1051, 1060-61 (9th Cir. 2004). The facts alleged provide a reasonable inference that Dr. Major's rescheduler was fired for failing to perform her job, which led to Plaintiff's follow-up appointment being delayed. There is no allegation from which it can be inferred that Dr. Major was responsible for any delay in Plaintiff's follow-up appointment, or knew of any delay prior to Plaintiff's informing him via the administrative appeal. Even at the pleading stage, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Further, there are no facts from which it can be inferred that Dr. Major was aware that a substantial risk of serious harm existed, and from that, failed to act.

Plaintiff's amended complaint fails to state a claim for which relief may be granted. A district court should deny leave to amend on futility grounds if "it appears beyond doubt that the plaintiff's proposed amended complaint would not remedy the deficiencies in the previous complaint." *Adam v. Hawaii*, 235 F.3d 1160, 1164 (9th Cir. 2001). Put differently, futility of amendment frequently means that it is not factually possible for plaintiff to amend the complaint so as to cure the deficiencies. *Schmier v. United States Court of Appeals*, 279 F.3d 817, 824 (9th Cir. 2002). The court concludes that it is possible for Plaintiff to cure his deficiencies and allege facts in support of a cognizable claim. For the above reasons, Plaintiff's complaint will be dismissed with leave to amend. If Plaintiff believes in

3

good faith that he can state a cognizable federal constitutional claim against Dr. Major, he may file a second amended complaint.

## CONCLUSION

1. The amended complaint is **DISMISSED** with leave to amend in accordance with the standards set forth above. The amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed and must include the caption and civil case number used in this order and the words SECOND AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original and supplemental complaints, Plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to file a second amended complaint in compliance with this order will result in the dismissal of this action and a finding that further leave to amend will be futil.

2. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: October 9, 2015.

ELIZABETH D. LAPORTE
United States Magistrate Judge

P:\PRO-SE\EDL\CR.15\Williams458dwla2.wpd

4