UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARK LAVON WILLIAMS,

        Plaintiff,

v.

DR. A. MAJORS,

        Defendant.

No. C 15-1458 EDL (PR)

**ORDER OF SERVICE**

Plaintiff, a California state prisoner proceeding pro se, has filed a second civil rights complaint under 42 U.S.C. § 1983, alleging that Defendant was deliberately indifferent to his serious dental needs. For the reasons that follow, the Court serves Defendant.

**DISCUSSION**

**A.  Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

Plaintiff's dentist, Dr. A. Majors, diagnosed plaintiff as having a small cavity. Dr. Major told Plaintiff he needed a filling, and stated that if Plaintiff did not get a filling, the tooth would need to be extracted. Dr. Majors ordered follow-up care. Plaintiff waited more than 90 days for the filling, and filed an administrative grievance once he noticed that his tooth was breaking. Ultimately, Plaintiff was forced to get an extraction, which is not what Plaintiff wanted. Dr. Majors admitted to Plaintiff that Dr. Majors knew that Plaintiff wasn't seen earlier because the scheduler had been fired. Liberally construed, it can be inferred that Dr. Majors was aware that Plaintiff would be facing a substantial risk of harm if he did not receive a timely filling. Although the court questions whether there will be a genuine issue of material fact regarding causation, at this stage in the proceeding, the court concludes that Plaintiff has stated a cognizable claim that Dr. Majors was deliberately indifferent to Plaintiff's serious dental needs.

## CONCLUSION

1.      The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto, a magistrate judge jurisdiction consent form, and a copy of this order to Dr. A. Majors, DDS at Salinas Valley State Prison. The Clerk of the Court shall also mail a courtesy copy of the complaint and a copy of this order to the California Attorney General's Office. Additionally, the Clerk shall mail a copy of this order to Plaintiff.

2.      Defendant is cautioned that Rule 4 of the Federal Rules of Civil Procedure requires him to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendant, after being notified of this action and asked by the court, on behalf of Plaintiff, to waive service of the summons, fails to do so, he will be required to bear the cost of such service unless good cause be shown for his failure to sign and return the waiver form. If service is waived, Defendant will be required to serve and file

an answer within sixty (60) days from the date on which the request for waiver was sent to them.  Defendant is asked to read the statement set forth at the bottom of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons.  If service is waived after the date provided in the Notice but before defendants have been personally served, the Answer shall be due sixty (60) days from the date on which the request for waiver was sent or twenty (20) days from the date the waiver form is filed, whichever is later.

3. In order to expedite the resolution of this case, the court orders as follows:

a. No later than sixty days from the date the waivers are sent, Defendant shall file a motion for summary judgment or other dispositive motion.  The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue.  If Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the court prior to the date their summary judgment motion is due.  All papers filed with the court shall be promptly served on Plaintiff.

b. At the time the dispositive motion is served, Defendant shall also serve, on a separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.4 (9th Cir. 2003).  *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012).  At that time, Defendant shall also submit the magistrate judge jurisdiction consent form.

c. Plaintiff's opposition to the dispositive motion shall be filed with the court and served upon Defendant no later than twenty-eight days from the date the motion was served upon him.

d. Defendant shall file their reply brief no later than fourteen days after the opposition is served upon him.

e. The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the court so orders at a later date.

4. All communications by Plaintiff with the Court must be served on Defendant, or Defendant's counsel once counsel has been designated, by mailing a true copy of the document to Defendant or Defendant's counsel.

5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.

6. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He also must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: January 27, 2016

ELIZABETH D. LAPORTE
United States Magistrate Judge

P:\PRO-SE\EDL\CR.15\Williams458srv.wpd

4